UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRYAN DENNIE,

    Plaintiff,

v.

BRIAN E. WILLIAMS, *et al.*,

    Defendants.

Case No. 2:11-CV-00828-KJD-CWH

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss (#10). Plaintiff filed a response in opposition (#12) to which Defendants replied (#13).

I.  Background

Plaintiff, an inmate at Southern Desert Correctional Center ("SDCC"), alleges that he was denied proper and adequate air circulation and ventilation inside the prison cell where he is housed from July 5, 2010 through November 2010. The temperature during that period of time exceeded one hundred degrees (100°) or higher more than fourteen (14) continuous days. On February 28, 2011, Plaintiff filed the present complaint for violation of his Eighth Amendment right to be free from cruel and unusual punishment based on the conditions of his confinement. Defendants have now moved to dismiss Plaintiff's claims asserting that he failed to exhaust his administrative remedies.

II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1994 requires that a prisoner exhaust any and all administrative remedies before filing a case in federal court. See Woodford v. Ngo, 548 U.S. 81, 85 (2006). "Proper exhaustion demands compliance with an agency's procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See id. at 368 n.3 (1988).

The State of Nevada has given the NDOC the power to enact regulations to establish a grievance procedure for inmates. See Nev. Rev. Stat. § 209.243. A prisoner must initiate the grievance procedure by filing an administrative claim "within [six] months after the date of the alleged loss, damage or injury." Id. In accordance with section 209.243, the NDOC has adopted Administrative Regulation 740 ("AR 740"), establishing a grievance process for resolution of inmate problems and concerns.

An inmate must complete three levels of review, two formal and one informal, in order to exhaust his administrative remedies. See AR 740.02, 1.1.1. An inmate must first file an "Informal Grievance". AR 740.02, 1.1.1.1. An inmate who is dissatisfied with the response may appeal the grievance to the next level. AR 740.02, 1.1.1. 4. An inmate has five (5) days after the receipt of the response to his grievance to appeal to the next level of review. AR 740.02, 1.3.4. Once an inmate receives a response to his second level grievance, he is considered to have exhausted available administrative remedies.

III.  Analysis

    A.  Exhaustion of Administrative Remedies

Plaintiff failed to timely grieve the lack of air conditioning during the summer of 2010. Though he timely filed grievances at the informal and first level, he failed to file an appropriate second level grievance and failed to timely correct his error.  Specifically, Plaintiff's first submission of the second level grievance, No. 2006-29-01976 was "Not Accepted" and returned to Plaintiff with the following explanation: "You have not included the response from the first level grievance."

An inmate must file an appeal within five (5) days of receipt of the response to proceed to the next grievance level.  An inmates' failure to re-submit a grievance in the proper form and within the prescribed time frame constitutes abandonment of the grievance.  See AR 740.03, 740.06, 740.09. Plaintiff admits that he received the Memorandum dated August 20, 2010, Re: "Improper Grievance 20062901976 2nd" (i.e. form DOC-3098), on September 3, 2010, but did not resubmit his second level grievance until September 16, 2010 which was thirteen (13) days after he had received Form DOC-3098.  Plaintiff was not prevented from appealing to the next level as he contends, but chose to file his appeal late.

Plaintiff makes no attempt to dispute Defendants' assertion that Plaintiff also failed to timely file a proper second level grievance for appeal No. 2006-29-03878.  Further, Plaintiff's refusal to sign and date the returned second level grievance of this appeal constituted abandonment and is clear evidence of his intention to abandon that grievance.  Therefore, since Plaintiff failed to properly exhaust his administrative remedies with respect to the Eighth Amendment conditions of confinement claims pled against Defendants Williams, Burson and Cox in the complaint, the complaint is dismissed.

    B.  Qualified Immunity

Even if the remedies had been exhausted, the Court would still dismiss Plaintiff's complaint, because Defendants are entitled to qualified immunity.  The defense of qualified immunity is available if the official's conduct is objectively reasonable "as measured by reference to clearly

3

established law." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to Plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law.  Mitchell v. Forsyth, 472 U.S. 511, 528 (1985).  This is a purely legal question.  Id.; see also, Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir. 1989).  Qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question."  Mitchell, 472 U.S. at 526.

Resolving the issue of qualified immunity involves a two-step inquiry.  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002)  First, the Court must determine whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity protecting Defendants from liability.  Id.  "If a constitutional violation occurred, a Court must further inquire whether the right was clearly established."  Clement, 298 F.3d at 903 (quoting Saucier, 533 U.S. at 201) (internal quotations removed).  If the law did not put the officials on notice that their conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.  Saucier, 533 U.S. at 202.

Here, there is no clearly established law showing that prison officials who address issues with the conditions of confinement and order work that is performed by contracted, outside workers to make repairs to the prison air conditioning system would be violating the constitutional rights of the prisoners.  Therefore, Defendants are entitled to qualified immunity.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is **GRANTED**;

////

////

////

4

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 22nd day of March 2012.

_____
Kent J. Dawson
United States District Judge